## BEXAR COUNTY v. TYNAN et al.
### No. 9460.

Court of Civil Appeals of Texas. San Antonio.

Feb. 21, 1934.

Rehearing Denied March 14, 1934.

Russell B. Wine, of San Antonio, for appellant.

Leonard Brown, of San Antonio, for appellees.

MURRAY, Justice.

This suit was instituted by Bexar county against county and precinct officers seeking to enjoin them from retaining certain fees of office and requiring them to account for certain alleged excess fees of office.

The county bases its cause of action on House Bill No. 490, passed by the Forty-Third Legislature, and found published in Acts 1933, c. 60, beginning at page 128 (Vernon's Ann. Civ. St. art. 3912b). The trial judge held this bill to be unconstitutional and void, and refused to issue the injunction as prayed for by the county.

The effect of H. B. 490 is to greatly reduce the salaries of county and precinct officers in Bexar county, and this appeal presents the one question of the validity of this act.

The cause was submitted upon the following agreed statement of facts:

"It is agreed that on the date of the filing of this suit that the defendants were the duly elected and qualified office holders of Bexar County, holding the respective offices as set out in said plaintiff's petition. That during the fiscal year 1933, beginning the 1st day of January, 1933, to the 31st day of December, 1933, that all of said defendants have collected certain fees of office and that they expect to make due reports of such fees on or before the 1st day of March, 1934, as required by law, and that all of said officers expect to retain from said fees a salary and compensation allowed them under the statutes in force prior to the adoption of House Bill 490, Chapter 60, passed at the Regular Session of the 43rd Legislature, and that they do not expect to comply with said law in making their reports or in deducting from their said fees and compensation to which they are entitled to, and that from their said fees of office the County of Bexar will be entitled to all excess fees over and above the compensation allowed them by law.

"It is further agreed that House Bill No. 490, passed at the regular session of the 43rd Legislature, was introduced into the Legislature by P. L. Anderson, a Representative from Bexar County, and that said Act, according to its terms, applies only to counties in which the population is as many as Two Hundred Ninety Thousand (290,000) or less than Three Hundred Ten Thousand (310,000) inhabitants, according to the last preceding Federal census, and that according to the 1930 census, which is the last preceding Federal census, the population of Bexar County was Two Hundred Ninety-two Thousand Five Hundred and Thirty-three (292,533), the population of Harris County was Three Hundred Fifty-nine Thousand Three Hundred and Twenty-six (359,326), the population of Dallas County was Three Hundred Twenty-five Thousand Seven Hundred and Ninety-one (325,791), and the population of Tarrant County was One Hundred Ninety-seven Thousand Five Hundred and Fifty-three (197,553), and that Bexar County was the only County in the State with a population between Two Hundred Ninety Thousand (290,000) and less than Three Hundred Ten Thousand (310,000) inhabitants, according to

the last preceding Federal census, and that said Act would apply only to Bexar County and no other County in the State. It is further agreed that no notice of an intention to apply for said Act was published in Bexar County, Texas, and that said Act was passed without any notice of any kind being given."

It is the contention of the county and precinct officers, who are the appellees herein, that H. B. 490 is unconstitutional and void, in that it is a special and local act of the Legislature passed without notice, attempting to regulate county affairs and fees of office.

Article 3, Constitution of Texas, provides, among other things, as follows:

"Sec. 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing: * * *

"Regulating the affairs of counties, cities, towns, wards or school districts; * * *

"Regulating the fees, or extending the powers and duties of aldermen, justices of the peace, magistrates or constables. * * *

"Sec. 57. No local or special law shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such bill and in the manner to be provided by law. The evidence of such notice having been published, shall be exhibited in the Legislature, before such act shall be passed."

■ It is clear that H. B. 490 both regulates county affairs and fees of justices of the peace and constables, and therefore dealt with subjects which section 56 states cannot be done by special and local laws, unless otherwise provided for in the Constitution. Section 57 provides for the passage of such special and local laws only where notice has been given. It is agreed in this case that H. B. 490 was passed without notice. Therefore, if this bill is a special and local law, it is unconstitutional and void.

This bill does not expressly provide that it shall apply only to Bexar county. If it contained such a provision, undoubtedly it would be a special and local law. The act does provide that it is to apply only to counties having more than 290,000 and less than 310,000 inhabitants, according to the last preceding federal census. The last preceding federal census is the census of 1930. Reference to this census discloses that Bexar county is the only county which falls within this class. Therefore Bexar county is the only county affected by the bill, at least until another census is taken, which will be in 1940. However, the same Legislature which passed this act passed S. B. No. 209, 43d Leg. (1933) c. 220, p. 734, which became effective January 1, 1934, and which act expressly repealed H. B. No. 490. So we find that H. B. No. 490 became effective (if at all) on April 3, 1933, and ceased to be effective January 1, 1934. In other words, the life of the act was never intended by the Legislature to be more than about nine months, and it is clear that during this period it would apply only to Bexar county, and there was no more possibility of it ever applying to any other county than if it had expressly provided that it should apply only to Bexar county.

■ We conclude that an act of the Legislature which by its terms affects only one county and can never during its effectiveness apply to but one county is a local law, and, where it is admittedly passed without proper notice, it is unconstitutional and void. Womack, etc., v. Carson (Tex. Com. App.) 65 S.W. (2d) 485; City of Fort Worth v. Bobbitt, 121 Tex. 14, 36 S.W.(2d) 470, 41 S.W.(2d) 228; Smith v. State, 120 Tex. Cr. R. 431, 49 S.W. (2d) 739; Fritter v. West (Tex. Civ. App.) 65 S.W.(2d) 414; Altgelt v. Gutzeit, 109 Tex. 123, 201 S. W. 400.

■ It is contended by appellant that H. B. 490 is not a local law, but a law which applies to all counties of a given class, and that Bexar county just happens to be the only county of this class. It seems to us that the classification is arbitrary and not based upon any proper or just classification. It is pointed out that counties with less inhabitants than Bexar were permitted to pay their county officials a larger salary than Bexar. The same thing was true of counties slightly larger than Bexar. This clearly shows that the classification was arbitrary and not real. The Legislature cannot evade the prohibition of the Constitution by making a law applicable to a pretended class, which is, as manifested by the act, in fact no class.

"The classification adopted must rest in real or substantial distinctions, which renders one class, in truth, distinct or different from another class. * * * There must exist a reasonable justification for the classification; that is, the basis of the classification invoked must have a direct relation to the purpose of the law." McQuillin on Municipal Corporations, vol. 1, pp. 498, 499.

Appellees call our attention to article 6824

of the Revised Civil Statutes 1925, as amended by Acts 1931, c. 7, § 1 (Vernon's Ann. Civ. St. art. 6824), which provides: "The salaries of officers shall not be increased nor diminished during the term of office of the officers entitled thereto," and contend that H. B. 490 is contrary to this provision of the law. This contention will not be discussed by us, as the cause is amply disposed of under the holding above enunciated.

The order of the trial judge refusing to issue the injunction will be affirmed.