

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. Weinert, Chairman
Civil Jurisprudence Committee
State Senate
Austin, Texas

Dear Sir:

Opinion No. 0-3375
Re: Constitutionality of
House Bill No. 536.

We have your letter of April 4, 1941, in which you ask our opinion with reference to the constitutionality of House Bill No. 536, which provides for the establishment of a juvenile board in counties having a population of not less then 100,000 and not more than 105,000 inhabitants, according to the last preceding Federal Census. Section 1 of this Act reads as follows:

"In any county in this State having a population of not less than one hundred thousand (100,000) and not more than one hundred and five thousand (105,000) inhabitants, according to the last preceding Federal Census, the Judges of the several District Courts of such county, together with the County Judge of said county, are hereby constituted a Juvenile Board for such county. The annual salary of each of the Judges of the District Courts of such county as members of said Board shall be Three Hundred Dollars ($300), in addition to that paid to the other District Judges of this State, said additional salary to be paid monthly out of the general funds of such county upon the order of the Commissioners Court."

It will be noted that Section 1 of the Act, except for the population brackets and the amount of the annual salary of each of the District Judges on the board, is substantially the same as Article 5139, Revised Civil Statutes, 1925; Section 2 of House Bill No. 536 is a copy of Article 5140, Revised

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Civil Statutes, 1925, and Section 3 of House Bill No. 536, is a copy of Article 5141, Revised Civil Statutes of 1925.

Section 3a of House Bill No. 536 repeals laws or parts of laws in conflict with said Bill and Section 4 of said Bill contains an emergency clause.

In our opinion, this Bill is unconstitutional because it is in violation of Article 3, Section 56 of the Constitution of Texas, which provides in part as follows:

"Section 56. The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

"* * *

"Regulating the affairs of counties, cities, towns, wards or school districts;

"* * *

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;

"* * *

"and in all other cases where a general law can be made applicable, no local or special law shall be enacted; * * *"

McLennan County is the only county which comes within the population brackets set forth in House Bill No. 536 under the 1940 census. Since the United States Census is taken only once each ten years, the bill will be applicable only to McLennan County for a period of almost ten years.

71

The fact that the Bill is applicable only to McLennan County is not necessarily fatal to its validity. Bexar County v. Tynan, 128 Tex. 223, 97 S. W. (2d) 467. However, the Court in determining whether a law is a special or local law will look to its substance and practical operation rather than to its form, and the classification must be broad enough to include a substantial class and must be based on characteristics legitimately distinguishing such class from others with respect to the public purpose sought to be accomplished by the proposed legislation. In the case of J. K. Miller v. The County of El Paso, decided by the Supreme Court on April 23, 1941, (not yet reported) Chief Justice Alexander said:

"Resort to population brackets for the purpose of classifying subjects for legislation is permissible where the spread of population is broad enough to include or segregate a substantial class, and where the population bears some real relation to the subject of legislation and affords a fair basis for the classification. It has been legitimately employed in fixing fees of office in certain cases (Clark v. Finley, Comptroller, 93 Tex. 178), but even then it is permissible only where the spread of population is substantial and is sufficient to include a real class with characteristics which reasonably distinguish it from others as applied to the contemplated legislation, and affords a fair basis for the classification. Bexar County v. Tynan, 97 S. W. (2d) 467."

If House Bill No. 536 were to become a law, the situation with reference to Juvenile Boards would be as follows:

No county having a population of less than 100,000 inhabitants would have a Juvenile Board, except a county having a population of between 64,000 and 65,000 inhabitants. Such a county, under the provisions of Article 5139a, Vernon's Annota-

Honorable R. A. Weinert, page 4

ted Civil Statutes, (Acts, 1939, 36th Legislature, Special Laws, Page 853, Section 1) would have a Juvenile Board, and each of the District Judges comprising this Board would be entitled to an additional salary of $600.00 per annum. At the time this law was passed, in 1939, Galveston County was the only county coming within the population brackets, and at the present time, since the 1940 census, there is no county which comes within these brackets. Under the provisions of House Bill No. 536, McLennan County, being the only county having a population of between 100,000 and 105,000 inhabitants, would have a Juvenile Board and each of the District Judges on this Board would draw an additional salary of $300.00 a year. In counties containing more than 105,000 inhabitants, District Judges serving on the Juvenile Board, under the provision of Article 5139, Revised Civil Statutes of 1925, would receive an additional salary of $1,500.00. It will be noted that according to the 1940 census, these counties range in population from 106,059, in the case of Hidalgo County, to 528,961, in the case of Harris County.

Under the foregoing facts, we are of the opinion that it is plain that the purpose of the Bill is to single out McLennan County for special legislation and that the Bill is in reality a local and special law. For this reason, we are of the opinion that said Bill is unconstitutional, being in violation of the provisions of Article 3, Section 56, of our State Constitution.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By James P. Hart

James P. Hart
Assistant

APPROVED APR 24, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JPH:LP

APPROVED
OPINION
COMMITTEE

BY BWT
CHAIRMAN