

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable R. A. Weinert, Chairman
Civil Jurisprudence Committee
State Senate
Austin, Texas

Dear Sir:

Opinion No. O-3332
Re: Constitutionality of H. B.
No. 334, providing for City
Boards of Health in cities
having a population between
200,000 and 290,000 inhabitants.

We have your letter of March 26, 1941, in which you request our opinion as to the constitutionality of House Bill No. 334, which provides for City Boards of Health in cities having a population between 200,000 and 290,000 inhabitants. It does not appear that notice of the intention to pass this bill has been published as required of local and special laws under Article 3, Section 57, of the State Constitution.

While the bill is general in form, it in fact applies only to one city at this time. San Antonio is the only city in Texas having a population falling within the brackets contained in the bill according to the 1940 census. The fact that the bill now applies only to one city does not necessarily make it a local bill, since other cities conceivably could come within the brackets in the future. However, in determining the validity of the bill, we must look to the practical operation of the Act in question to determine whether the purpose of the Legislature was to single out one city and attempt to legislate upon the question of its Health Department, and not upon the subject of city health departments generally. If it appears that the purpose of the Legislature was to single out one city for legislation, then the bill is unconstitutional as being a special law, in violation of Article 3, Sections 56 and 57, of the State Constitution. Bexar County v. Tynan. 128 Tex. 223, 97 S. W. (2d) 467.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

In determining the purpose of the bill, we may consult the legislative journals. Red River National Bank v. Ferguson, 109 Tex. 287, 206 S. W. 923, Hurt v. Oak Downs, 65 S. W. (2d) 294 (appeal dismissed, 97 S. W. (2d) 673). When this bill was before the House of Representatives, the following statement was made by Representative Dickson of Bexar County:  (House Journal, pages 1376-1377)

"This is an explanation of my vote on H. B. No. 334, which is a local law affecting the Health Department of the City of San Antonio, Texas.  This bill is made to apply to San Antonio by use of the population bracket device, and it undertakes to regulate the affairs of no other city.  Governor O'Daniel has condemned this type of legislation, and Attorney General Mann has ruled repeatedly that this form of bill violates Section 56 of Article 3 of the Texas Constitution.  In my opinion the bill is of doubtful constitutionality and I have suggested to my colleagues from Bexar County that all such bills, affecting only San Antonio or Bexar County, be referred to the Attorney General for an opinion as to their validity before then are enacted into law.  My colleagues have not agreed with my suggestion and being outvoted four to one, I think that it is unfair to bring a local fight to the floor of the House and ask the other Members to take sides on an issue in which they have little or no interest. Since I am of the opinion that bills of this nature are an abuse of the law-making power and can only serve to clutter up the courts and cause further loss of respect for our laws, I can consistently take no part in their passage and I, therefore, answer as 'present and not voting.'"

We are unable to think of any reasonable relation between the object of the bill and the population brackets, except to make the bill applicable only to the City of San Antonio.  The minimum population requirement might be explained on the basis that smaller cities do not need to have a Board of Health, but can operate under the general statutes providing for the appointment of Health Officers.  See Articles 4424-4426,

Honorable R. A. Weinert, Chairman, page 3


Vernon's Annotated Civil Statutes. However, this explanation
would make the exclusion of cities containing more than 290,000
inhabitants purely arbitrary. We are therefore forced to con-
clude that the purpose of the bill was to single out the City
of San Antonio for special treatment, and that the bill is a
special law and therefore unconstitutional. Bexar County v.
Tynan, 128 Tex. 223, 97 S. W. (2d) 467; North Texas Traction Co.
v. Bryan, 116 Tex. 479, 294 S. W. 527; Randolph v. State,
117 Tex. Cr. 80, 36 S. W. (2d) 484; Smith v. State, 120 Tex.
Cr. 431, 49 S. W. (2d) 739.

                                    Very truly yours

                              ATTORNEY GENERAL OF TEXAS


                              By (Signed) JAMES P. HART
                                        James P. Hart
                                          Assistant

JPH:EP


        APPROVED APR. 1, 1941

            (Signed)   GERALD C. MANN
                       ATTORNEY GENERAL OF TEXAS


                                    APPROVED
                                OPINION COMMITTEE
                                BY BWB CHAIRMAN