

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Shelby K. Long
County Attorney
Jefferson County
Beaumont, Texas

Dear Sir:

Opinion No. O-5326
Re: Constitutionality of Senate Bill
No. 262, Acts of the 48th Legislature

Your letter of May 21, 1943, requesting the opinion of this department on the above stated matter reads in part as follows:

> "This office has a request for an opinion as to the constitutionality of Section Three of the above Senate Bill, and because of Section Five we would like to have your opinion covering the constitutionality of the entire Bill. In the event that some section shall be held unconstitutional, then, in your opinion, is the whole Bill invalid because of Section Five.

> "In connection with this I wish to call your attention to cases which I think bear on this question:

> "City of Fort Worth v. Bobbitt, 41 S.W. 288:
> "Miller v. El Paso County, 150 S.W. 1000;
> "Tinner vs. Crow, 78 S.W. (2) 588;
> "Wood v. Marfa Ind. Sch. Dist. 141 S.W. (2) 590;
> "Bexar County v. Tynan, 97 S.W. (2) 467.

> I believe that the last mentioned case contains more information and law in point than the other cases cited.

> "Please furnish me this opinion as soon as possible, as the effective date is June 1st, and we would like to know as to the constitutionality of this Bill before putting it in operation in this county.

> "......."

Senate Bill No. 262, Acts of the 48th Legislature, Regular Session, 1943, is an act

> "fixing the compensation of certain designated county officers in certain counties; providing for the creation and operation

of certain offices in certain counties; providing the methods
and means by which certain officers in certain designated
counties shall be selected and compensated; declaring certain
acts, contained in Section 4, to be unlawful; prescribing
a penalty for the violation of the provisions of Section 4 of
this Act; providing a saving clause; repealing all laws or
parts of laws in conflict, and declaring an emergency."

Sections 4 and 5 of Senate Bill No. 262, supra, read as follows:

"Sec. 4. (a) In said counties in this state having a popula-
tion of more than one hundred forty thousand (140,000) and
less than two hundred twenty thousand (220,000) inhabitants
according to the last preceding or any future Federal Census,
where the Federal Government has authorized the construction
of large synthetic rubber plants in addition to vast ship
building enterprises, additional duties have been placed upon
county officers of such counties due to such construction,
necessitating and making it economically necessary that there
be a central purchasing agency for such counties, and there-
fore a majority of a board composed of the Judges of the
District Courts and the County Judge shall appoint a County
Purchasing Agent. The County Purchasing Agent shall hold
office for a term of two (2) years unless removed for cause.
He shall execute a bond in the sum of Ten Thousand ($10,000.00)
Dollars, payable to said county, for the faithful performance
of his duties. He shall receive an annual salary of not less
than Three Thousand ($3,000.00) Dollars nor more than Forty-
two Hundred ($4200.00) Dollars, payable in equal monthly in-
stallments out of the County General Fund by warrant drawn on
the County Treasurer by the County Auditor. Said Purchasing
Agent may have such help, equipment, supplies and traveling
expenses, with the approval of a majority of said Board of
Judges, as they may deem advisable, the amount of expenses to
be approved by a majority of said Board and paid out of the
County General Fund by warrant drawn on the County Treasurer
by the County Auditor.

"(b) All equipment, materials, and supplies, together with the
repairs of same, required, used or to be paid for out of any
County Fund, shall be purchased by the County Purchasing
Agent, upon written specifications and upon requisitions
submitted by the county official or department requiring same.
So far as practicable, such purchases for any office or depart-
ment shall be in amounts calculated to be adequate for one
year's needs. Where the total consideration on any contract
is likely to be in excess of One Hundred Fifty ($.50.00)
Dollars, purchases shall be made on the basis of the lowest and
best bid, with the right to reject any or all bids, and a
sufficient bidder's bond may be required. A complete record

of bids and purchase contracts awarded shall be kept on file for not less than ten (10) years.  In making such purchases the County Purchasing Agent shall contract in the name of the county.

"(c) When delivery is made on any purchase or repair work, the County Purchasing Agent shall secure from the county officer or department head receiving the same a receiving memorandum in triplicate, certifying that the equipment, materials, supplies, or repairs have been received in good order and according to specifications.  Such receiving memorandum shall be attached to the respective invoice, rendered in triplicate, when such invoice is approved by the County Purchasing Agent. A copy of each of the receiving memorandum and the approved invoice shall be forwarded to the County Auditor, and a copy each shall be kept on file in the office of the County Purchasing Agent for not less than ten (10) years.

"(d) The County Purchasing Agent shall prepare and keep a perpetual inventory of all property of the county for each department and office.  A copy of such inventory as of July 1st of each year shall be furnished the Commissioners Court and the County Auditory not later than the following July 20th. It shall be the duty of the County Purchasing Agent to transfer equipment, materials, and supplies from one department or office to another in the interest of efficiency and economy.

"(e) All purchases made by such Agent shall be paid for by warrants drawn by the County Auditor on the County Treasurer as now provided by law.

"(f) It shall be unlawful for any person to make any purchases of equipment, materials, supplies, or repairs for the same, other than the County Purchasing Agent, and no warrant shall be approved by the County Auditor in payment for any purchase not made by such Agent.

"(g) Any person violating any of the provisions of Section 4 of this Act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than Two Hundred ($200.00) Dollars nor more than One Thousand ($1,000.00) Dollars, or imprisoned in the county jail of said county for not less than thirty (30) days nor more than one (1) year, or by both such fine and imprisonment.

"Sec. 5.  If any part of this Act shall be held to be unconstitutional, then all the Act shall be unconstitutional.  The Legislature hereby declares that it would not have passed the remaining parts of this Act if it had known that such part or parts would be declared unconstitutional."

It is clear that the law under consideration regulates the affairs of the counties to which it applies, creates offices, and prescribes the powers and duties of officers. Is it a general law, or is it a special and local law in violation of the provisions of Article III, Section 56?

Article III, Section 56 of the State Constitution provides as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . . . .

"Regulating the affairs of counties, cities, towns, wards or school districts;

". . . . .

"Creating offices, or prescribing the powers and duties of officers, in counties, cities, towns, election or school districts;

". . . . ."

Generally speaking it is stated in our opinion No. 0-2221:

"A law which applies only to a part of a natural class of persons or things must predicate its inclusion of the part and exclusion of the balance upon characteristics peculiar to the part, which considering the objects and purposes of the law, afford reasonable ground for restricting the application of the law to the part. Classification must be reasonable and natural, not arbitrary and capricious. Arbitrary designation is not classification. The vice of local or special laws is that they rest on arbitrary designation; that they do not embrace and affect all of the class to which they are naturally related. 25 R.C.L. pp. 815-816; 12 Am. Jur. p. 146; Smith v. State (Ct. Cr. App.), 49 S.W. (2d) 739; Randolph v. State, (Ct. Cr. App.), 36 S.W. (2d) 484; Clark v. Finley, 93 Tex. 171, 54 S.W. 343; City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W. (2d) 470, 41 S.W. (2d) 228; Bexar County v. Tynan, 128 Tex. 223, 97 S.W. (2d) 467.

"Because population as a basis for classification has been sustained by the courts in respect to legislation on certain subjects, it has been assumed, erroneously, that population brackets will serve in all instances to avoid the condemnation of the Constitution. This mistaken assumption proceeds from a failure to note that population has been sustained as a basis for classification only in those instances where it bore

a reasonable relation to the objects and purposes of the law and was founded upon rational difference in the necessities or conditions of the groups subjected to different laws. Where it has been determined that, considering the objects and purposes of the law, differences in population afford no rational basis for discriminating between groups of the same natural class, classification on the basis of population has been termed arbitrary selection, and the law has been held to be special and local. Randolph v. State, supra.

"Where population might have served as a rational basis for classification, if the object and purpose of the law had been to increase the compensation of county officers, since the purpose of the particular law was to lower such compensation the classification was held to be inverted and the law special and local. Bexar County v. Tynan, supra.

". . . . ."

One of the objects and purposes of the law under consideration is to permit counties to appoint a purchasing agent. A natural class, of course, includes all counties in the state. This law extends such power only to those counties having a population, according to the last preceding Federal Census or any future Federal Census, of not more than 140,000 nor more than 220,000 inhabitants. The only county meeting these requirements, at the time of the passage of the law, was Jefferson County.

As heretofore stated, Section 4 of the law under consideration applies only to counties having a population of 140,000 inhabitants to 220,000 inhabitants according to the 1940 Federal Census. Therefore, Jefferson County comes within the provisions of the above mentioned section. Counties of lesser or greater population are not premitted to exercise the power of appointing a purchasing agent by said Senate Bill No. 262. We have failed to find any general statute authorizing counties to employ or appoint purchasing agents. It is our opinion that the classification is a mere designation which is no classification at all, but, on the contrary, is inverted and discriminatory as a law considered by the Supreme Court in the Tynan case, supra, (Also see the case of Miller et al., v. El Paso County, 150 S.W. (2) 1000).

Section 4 of the act creates the office of purchasing agent and prescribes the powers and duties of the officer holding such office.

If population affords a ground for creating the office of County Purchasing Agent, it must be upon one of two theories:

(1) The smaller the population of the County, the greater the need of such an office.

(2) The greater the population of the County, the greater the need of such an office.

The bracket is from 140,000 to 220,000. Upon the first theory the law is arbitrary and discriminatory because it excludes counties below 140,000, which would have a greater need than the counties in the bracket. Upon the second theory the law is likewise arbitrary and discriminatory in that it does not embrace counties having a population above 220,000, which counties would have a greater need for a purchasing agent than counties within the bracket.

In view of the foregoing authorities it is our opinion that Section 4 of the act clearly violates the provisions of Article III, Section 56, of the State Constitution and is therefore unconstitutional and void. It is our further opinion that in view of Section 5 of said Act, the entire Act is of no force and effect, as the Legislature declares in effect that it would not have passed the remaining parts of the Act had it known any part or parts thereof would be declared unconstitutional.

We enclose herewith a copy of our opinion No. O-2221.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (s) Ardell Williams
Assistant

AW:mp;ml

APPROVED Jun. 9, 1943
(s) Grover Sellers
First Assistant Attorney General

(This Opinion Considered and
approved in Limited Conference)

APPROVED
Opinion Committee
By B.W.B. Chairman