

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

November 15, 1947

FAGAN DICKSON
FIRST ASSISTANT

Hon. Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Opinion No. V-432

Re: Constitutionality of H. B.
796, Acts 50th Leg., 1947,
as it relates to juvenile
officers in El Paso County.

Dear Mr. Guinn:

     Your recent request for an opinion of this office relates to the constitutionality of H. B. 796, Acts of the 50th Legislature, 1947. It is assumed that your request pertains to El Paso County; and, therefore, this opinion will be limited to that portion of the Act relating to those counties with a population of eighty thousand (80,000) and less than one hundred and fifty thousand (150,000) inhabitants. H. B. 796 is an Act amending Article 5142, V.C.S., and is in part as follows:

     "Provided that in counties having a population of eighty thousand (80,000) and less than one hundred and fifty thousand (150,000), the county judge may appoint a juvenile officer subject to the approval of the County Juvenile Board for a period not to exceed two (2) years from date of appointment at a salary not to exceed Three Hundred and Fifty Dollars ($350) per month and expenses as recommended by the Board and approved by the Commissioners Court. Such juvenile officer may select such assistant juvenile officers as are necessary to carry out the provisions of this Act, subject to the approval of the county judge and the County Juvenile Board; provided the number may not exceed ten (10). The salaries and expenses of such assistant juvenile officers shall be in amounts recommended by the Board subject to approval of the Court.

     "Provided that in counties having a population of one hundred and fifty thousand (150,000) or more, and containing a city of

one hundred thousand (100,000) or more, the county judge may appoint a juvenile officer, subject to the approval of the County Juvenile Board, to serve for a period not to exceed two (2) years from the date of appointment, and whose extra duties shall be to make investigations for the Commissioners Court on applications for charity, or admittance into detention homes or orphan homes created by such counties. The salary of such juvenile officer shall not exceed Three Hundred Dollars ($300) per month, his allowance for expenses not to exceed Two Hundred Dollars ($200) a year. Such juvenile officer may select assistant juvenile officers, subject to the approval of the county judge and the County Juvenile Board, the number of such assistant juvenile officers not to exceed one (1) assistant to each twenty-five thousand (25,000) population. The salaries of such assistant juvenile officers shall be the same as that fixed by the General Law in Article 3902 of the Revised Civil Statutes of Texas, 1925, for assistants to other county officials. Such assistant juvenile officers may be allowed expenses not to exceed Two Hundred Dollars ($200) per year each."

Article III, Section 56, Constitution of Texas, provides in part as follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:. . .

"Regulating the affairs of counties, cities, towns, election or school districts; . . .

"Creating offices, or prescribing the powers and duties of officers, in counties. . ."

The question for determination is whether this Act purporting to fix the compensation of juvenile officers of counties in certain population brackets violates the above constitutional provision relating to local or special laws. In an approach to this question, the Court in Oakley v. Kent, 181 S.W. (2d) 919, stated as follows:

"'A law which applies only to a part of
a natural class of persons or things must
predicate its inclusion of the part and ex-
clusion of the balance upon characteristics
peculiar to the part, which, considering the
objects and purposes of the law, afford rea-
sonable ground for restricting the applica-
tion of the law to the part. Classification
must be reasonable and natural, not arbitrary
and capricious. Arbitrary designation is not
classification. The vice of local or special
laws is that they rest on arbitrary designa-
tion; that they do not embrace and affect all
of the class to which they are naturally re-
lated. . . .

"'Because population as a basis for clas-
sification has been sustained by the courts in
respect to legislation on certain subjects, it
has been assumed, erroneously, that population
brackets will serve in all instances to avoid
the condemnation of the Constitution. This
mistaken assumption proceeds from a failure to
note that population has been sustained as a
basis for classification only in those instances
where it bore a reasonable relation to the ob-
jects and purposes of the law and was founded
upon rational difference in the necessities or
conditions of the groups subjected to different
laws. Where it has been determined that, con-
sidering the objects and purposes of the law,
differences in population afford no rational
basis for discriminating between groups of the
same natural class, classification on the basis
of population has been termed arbitrary selec-
tion, and the law has been held to be special
and local. . . .'"

In the case of Clark v. Finley, 93 Tex. 171, 54
S.W. 343, the Supreme Court recognized the fact that the
Legislature could resort to population brackets for the
purpose of fixing fees of officers in certain cases. But
there must be a substantial reason for the classification.
It must not be a mere arbitrary device resorted to for
the purpose of giving what is in fact a local law the ap-
pearance of a general law. Miller v. El Paso County, 136
Tex. 370, 150 S.W. (2d) 1000; Anderson v. Wood, 137 Tex.
201, 152 S.W. (2d) 1084; Ex parte Carson, 159 S.W. (2d)
126.

In the case of Bexar County v. Tynan, 128 Tex. 223, 97 S.W. (2d) 467, the Court stated:

"Conversely, we think it true that if the Legislature ignores the obvious fact that the work of county officers is proportionate to population and classifies counties in such way that the compensation of officers of a county having a large population is fixed far below the compensation allowed like officers in small counties, such action amounts to fixing a classification which is arbitrary and which has no true relevancy to the purpose of the legislation.  We think that it necessarily follows from all the circumstances that the Legislature intended to single out Bexar County as being the only county intended to be affected by the legislation, and the act was undoubtedly a special law."

H. B. 796 provides, among other things, that the salary of juvenile officers in counties having a population of 150,000 inhabitants or more and containing a city of 100,000 inhabitants or more shall not exceed $300 per month with an allowance for expenses not to exceed $200 a year.  The juvenile officer in counties in this population bracket may be allowed one assistant for each 25,000 population.  In counties with a population of eighty thousand (80,000) and less than one hundred fifty thousand (150,000) inhabitants, the maximum salary of juvenile officers is $350.00 per month and expenses as recommended by the Board and approved by the Commissioners' Court.  The juvenile officer in counties in this population bracket may be allowed a maximum of ten assistants.  By way of comparison a juvenile officer in a county with a population of 150,000 inhabitants would be entitled to a salary of $300 per month and six assistants, whereas a juvenile officer in a county with a population of 149,000 inhabitants would be entitled to a salary of $350 per month and ten assistants.  It is well settled that an Act excepting certain counties or fixing salaries arbitrarily is a local or special law within the meaning of the Constitution.  If, by the terms of an Act, counties are classified in such a way that the compensation of a juvenile officer of a county having a large population is fixed far below the compensation allowed the juvenile officer in smaller counties,

the same amounts to fixing a classification which is arbitrary and has no relevancy to the purpose of the Act.  It therefore follows that the Act allows juvenile officers in counties with a population of 80,000 to 150,000 inhabitants larger salaries than those juvenile officers in larger counties.  Such classification is an arbitrary one and is void as a special or local law.  Since the classification does not bear a reasonable relation to the object and purposes of the law, it is the opinion of this Department that the portion of H. B. 796 relating to those counties with a population of 80,000 to 150,000 inhabitants is a local or special law and is in contravention of Article III, Section 56, of the State Constitution.

## SUMMARY

That portion of H. B. 796, R. S., 50th Leg., 1947, relating to the appointment of juvenile officers in El Paso County and related counties in the same population bracket is a local or special law containing arbitrary classifications and is in contravention of Art. III, Sec. 56, of the Texas Constitution.  Bexar County v. Tynan, 97 S.W. (2d) 467; Clark v. Finley, 54 S.W. 343; Oakley v. Kent, 181 S.W. (2d) 919; Anderson v. Wood, 152 S.W. (2d) 1084, 137 Tex. 201; Miller v. El Paso County, 150 S.W. (2d) 1000.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  Burnell Waldrep
    Assistant

BW:djm

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL