

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

April 10, 1963

Honorable W. S. (Bill) Heatly
Chairman, Committee on Appropriations
House of Representatives
Austin, Texas

Opinion No. C-58

Re: Constitutionality of a Bill
setting the salaries of
district attorneys and county
attorneys performing the
duties of district attorneys,
on a graduated scale, accord-
ing to the population of the
various districts.

Dear Mr. Heatly:

Your request for an opinion reads as follows:

"House Bill No. 61 (Quilliam and
Schiller), referred to the Committee on
Appropriations would, among other things,
increase the State salaries of district at-
torneys and place county attorneys perform-
ing the duties of district attorney on a
salary basis.

"Would an Act setting the salaries of
such officers (district attorneys and county
attorneys performing the duties of district
attorney) on a graduated scale according to
the population of the various districts (i.e.,
a 'bracket bill') be in violation of the
Constitution?"

Section 1 of House Bill 61, referred to in your
request, fixes the salaries to be paid the district attorney
in all judicial districts of the State at the same amount.
Section 3 of House Bill 61, referred to in your request, fixes
the minimum compensation to each county attorney performing
the duties of district attorney at the same amount.

-283-

You have asked whether an Act setting the salaries of such officers on a graduated basis, based on population, would be constitutional. Section 56 of Article III of the Constitution of Texas, prohibiting local and special laws regulating the affairs of counties, has been consistently construed by the courts of this State as prohibiting the Legislature from enacting laws providing for compensation of county officials on a classification that is not based upon a real distinction, but constitutes an arbitrary device to give what is in substance a local or special law the form of general law. However, the Legislature is authorized to resort to population brackets for the purpose of fixing compensation where there is a substantial reason and fair basis for the classification. Clark v. Finley, 93 Tex. 177, 54 S.W. 343 (1899); Bexar County v. Tynan, 128 Tex. 223, 97 S.W. 2d 467 (1936); Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941).

Thus, population affords a ground for classification on the theory that the greater the population, the greater the need for a higher compensation. See authorities, supra.

You are therefore advised that an Act setting the salaries of district attorneys and county attorneys performing the duties of district attorney, on a graduated scale, according to the population of the various districts would be constitutional, provided there is a substantial and fair basis for the classification.

SUMMARY

The Legislature is authorized to resort to population as a basis for fixing compensation of county officers on the theory that the greater the population, the greater the need for higher compensation. Thus, an Act setting the salaries of district attorneys and county attorneys performing the duties of district attorney, on a graduated scale, according to population of the various districts, would be constitutional, provided there is a substantial and fair basis for the classification.

Yours very truly,

WAGGONER CARR
Attorney General

By John Reeves
John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Pat Bailey
J. S. Bracewell
Edward Moffett
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By:  Albert Jones