

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

October 20, 1969

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
201 East 11th Street
Austin, Texas 78711

Opinion No. (M-493)

Re: Whether the board of trustees
of an independent school
district may schedule and
pay, from local school
funds, a higher salary to
teachers having dependents
than it pays to those not
having dependents.

Dear Dr. Edgar:

Your recent letter requesting the opinion of this department concerning the referenced matter, states, in part, as follows:

"In its deliberations relative to a schedule for a higher salary to its employees, the board of trustees of a school district (Austin I.S.D.) is pursuing the possibility of higher pay from local school funds for such employees, men or women, who are determined to be head-of-a-household, the board citing as a reference the practice of the Federal Government for income tax purposes granting certain allowances for head of a household.

"It points out in support of such a higher salary determination predicate that a head-of-a-household normally has more expenses than does one without family responsibilities; further that such could be either husband or wife, a married person without a spouse having dependents, or a single

- 2352 -

person having aged parents or other dependents that incurs greater living expenses to him or her than a single person without such responsibilities.

"The Board of Trustees of the Austin Independent School District has requested this Agency to obtain an opinion from the Office of Attorney General on the following question:

'Legally may a public school district from local school funds schedule and pay employees locally determined as head-of-a-household a supplemental salary which is more than it would pay employees who are not head-of-a-household?'"

Section 1 of Article 2922-14, Vernon's Civil Statutes, as amended by Section 1 of House Bill Number 240 (Acts 61st Leg., R.S. 1969, ch. 872, p. 2634) provides that:

"The board of trustees of each and every school district in the State of Texas shall pay their teachers upon a salary schedule providing a minimum beginning base salary, plus increments above the minimum for additional experience in teaching as hereinafter prescribed. <u>The salaries fixed herein shall be regarded as minimum salaries only and each district may supplement such salaries.</u>" (Emphasis added.)

It is well settled that the school trustees are creatures of the law possessing only the jurisdiction and powers expressly or impliedly given them by statute. 51 Tex.Jur.2d 443, Schools, Sec. 83. In this situation, the statute, Article 2922-14, Vernon's Civil Statutes, requires the board of trustees of every school district to pay their teachers upon a salary schedule, and permits the district to supplement such salaries. Consequently, the school district may supplement such salaries upon any fair, non-discriminatory, and constitutional basis

Honorable J. W. Edgar, page 3 (M-493)

which it deems best to promote the purposes and objectives of the school system.

It is recognized that for the purpose of fixing compensation for various officers and employees, classifications may be made so long as the classification is based on a real distinction and it is not unreasonable, arbitrary or capricious. <u>Bexar County v. Tynan</u>, 128 Tex. 223 ,97 S.W.2d 467 (1936). The test is whether there is a reasonable basis for the classification. <u>Wood v. Wood</u>, 159 Tex. 350, 320 S.W. 807 (1959); <u>Smith v. Davis</u>, 426 S.W.2d 827 (Tex.Sup. 1968). Therefore, we believe the Supreme Court of Indiana stated the general rule which is applicable to the facts herein presented when in <u>Hutton v. Gill</u>, 8 N.W.2d 818 (Ind.Sup. 1937), it stated at page 820:

> "School boards as a matter of common knowledge, have, in adopting their several schedules, classified teachers under various heads and fixed the compensation for the several classifications. The record shows that the appellants in this case followed this method. So, if the legislative intent ... was to authorize the school board to classify its teachers, <u>it necessarily follows that such classification must be reasonable, natural and based upon substantial differences germane to the subject, or upon some basis having a reasonable relation to the work assigned. If the classification is arbitrary or capricious, and upon a basis having no relation to the kind or character of the work to be done, it would be void and unlawful, and in conflict with the statute.</u>" (Emphasis added.)

In the above case, the school trustees attempted to classify female teachers, for compensation purposes, according to their marital status, and place those who were married in a lower salary classification than unmarried women having like qualifications and doing like work. The court proceeded to hold such a policy unreasonable and invalid, stating at page 820:

"This, in our judgment, was unlawful and
arbitrary, and formed no rational basis for a
classification. It had no reasonable relation to
the work assigned to her, as the fact that appellant
was a married woman did not affect her ability to
impart knowledge or perform her duties in the school-
room. It is conceded that her marriage status had no
such effect, and, if not, there could be no just or
reasonable basis for the school board classifying her
as far as compensation is concerned, in a different and
lower class than an unmarried female teacher having
like work."

This and other pertinent cases are annotated in 133 A.L.R.
1437, at page 1439, and in 47 Am. Jur. 381, Schools, Section 120.

Therefore, where the determination of the method of classi-
fication is left to the local school board and where the method
adopted is reasonable, natural and based upon substantial
difference germane to the subject or upon some basis having
a reasonable relation to the work assigned, the duties to be
performed or the services to be rendered the determination of
the board will be upheld. However, a differential in salary
based not upon a material difference in training, qualifications,
experience, abilities, duties, or services to be rendered, such
action amounts to a determination which is arbitrary and
discriminatory and which forms no rational basis for the classi-
fication. Likewise, a salary not based on any relation to the
work assigned or upon material difference in training, quali-
fications, experience, abilities or duties, such action may be
held to be a violation of Sections 51, 52 and 53 of Article III
of the Constitution of Texas, which prohibits any grant of
public moneys in aid of individuals. See also Article XVI,
Section 6, Constitution of Texas, outlawing apporpriations for
private or individual purposes.

If the board's order fixing the supplemental salary is
based solely on matters not having any relation to the work
assigned or any relation to the training, qualification,

Honorable J. W. Edgar, page 5 (M-493)

experience, ability or duties of the teacher, such order of supplementation would not be compensation for services rendered but rather a grant in aid of individuals for private purposes in violation of Section 51 of Article III of the Constitution of Texas.

In view of the foregoing, you are advised the board of trustees of an independent school district may not legally schedule and pay, from local school funds, teachers a supplemental salary on the sole basis of their personal status as head-of-a-household, which salary would be more than it would pay other teachers not having such personal status but who have the same qualifications and perform the same quality and quantum of work, with like responsibilities.

### S U M M A R Y

The board of trustees of an independent school district has the discretionary power to supplement salaries pursuant to the provisions of Article 2922-14, Vernon's Civil Statutes. However, the personal status of a teacher as head-of-a-household cannot be the sole basis for fixing the amount of supplemental salary to be paid a teacher.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

Honorable J. W. Edgar, page 6 (M-493)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Jim Swearingen
Roger Tyler
Alfred Walker
Jack Goodman

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant