

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

April 5, 1971

Hon. Ralph M. Hall                      Opinion No. M- 827
Chairman, County, District
  & Urban Affairs Committee      Re:  Constitutionality of S.B.
Senate Chambers, Capitol Bldg.        No. 213, 62nd Leg., R.S.,
Austin, Texas 78711                   1971, providing for a
                                      county civil service system
Dear Senator Hall:                    in certain counties.

In your recent letter you inquired whether a county civil service system could be established without a constitutional amendment. Senate Bill No. 213, 62nd Leg., R.S., 1971, would provide for such a system in certain counties.

Section 2 of the Bill authorizes a county civil service system to cover only " . . . all _employees_ of the county." Other provisions of the Bill clearly afford protection to the _employees_ covered against demotions, suspensions or removals from their positions. (Emphasis supplied.)

An employee is defined in Section 1 (3) as follows:

" . . . any person who obtains his position by appointment and who is not authorized by statute to perform governmental functions in his own right involving some exercise of discretion, but does not include a holder of an office the term of which is limited by the Constitution of the State of Texas;
. . ."

A question has been raised as to whether the coverage of employees by a county civil service system would conflict with the tenure limitations of Article XVI, Sections 30 and 65 of the Constitution of Texas. The coverage afforded by the Bill extends only to employees and not to officers. Therefore, there is no conflict with these constitutional provisions.

-4008-

Hon. Ralph M. Hall, page 2       (M-827)


        For your convenience we enclose herewith a copy of two Attorney General opinions dealing with the distinctions between employees and officers; they are opinions numbers O-384 (1939) and C-527 (1965).

        The application of Senate Bill No. 213 to only counties of over 300,000 population raises the question of its constitutionality in view of the prohibition in Article III, Section 56, against certain local and special laws.

        In our opinion the bill is constitutional in this respect, there being a reasonable ground for the classification. City of Fort Worth v. Bobbitt, 121 Tex. 14, 41 S.W.2d 228 (1931); Bexar County v. Tynan, 128 Tex. 223, 97 S.W.2d 467 (1936); Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941).

                         S U M M A R Y

        Senate Bill No. 213 proposing to authorize the creation of county civil service systems in certain counties is constitutional. It does not contravene Article XVI, Section 30, limiting the term of certain offices to two years, for the reason that the bill by definition excludes from the system a holder of an office the term of which is limited by the Constitution.

        The bill is constitutional and not in violation of the prohibition of Article III, Section 56, of the Constitution, prohibiting certain local and special laws, the classification based on population being a reasonable one.

                              Very truly yours,

                              CRAWFORD C. MARTIN
                              Attorney General of Texas

                         By  _____
                              NOLA WHITE
                              First Assistant

                         -4009-

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
J. C. Davis
Roger Tyler
Robert Flowers
Houghton Brownlee

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant