

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 5, 1974

The Honorable Dan Kubiak
State House of Representatives
Room 154, State Capitol
Austin, Texas 78767

Opinion No. H- 393

Re: Validity of
Article 2676a,
V. T. C. S.

Dear Representative Kubiak:

On behalf of the House Education Committee you have asked whether Article 2676a, V. T. C. S., is prohibited by Sec. 56 of Article 3 of the Texas Constitution as a local or special law. Article 2676a provides in part:

> Section 1. From and after the effective date of this Act in any county in this State having a population of not less than one hundred thousand (100,000) and not more than one hundred twenty thousand (120,000), according to the last preceding federal census, the general management and control of the public free schools and high schools in each county unless otherwise provided by law shall be vested in five (5) county school trustees elected from the county, one of whom shall be elected from the county at large by the qualified voters of the county and one from each commissioners precinct by the qualified voters of each commissioners precinct, who shall hold office for a term of two (2) years.

Section 7 is applicable only to counties within the population bracket defined above, and provides:

> Sec. 7. The county school trustees shall not detach territory from any independent school district in such county and annex such territory to another independent school district without the prior consent of the school trustees of the

district from which such territory is being
detached as well as the prior consent of the
school trustees of the district to which such
detached territory is to be annexed.

Section 56 of Article 3 provides:

The Legislature shall not, except as otherwise
provided in this Constitution, pass any local or
special law, authorizing:

. . .

Regulating the affairs of counties, cities, towns,
wards or school districts;

. . .

Regulating the management of public schools,
the building or repairing of school houses, and
the raising of money for such purposes.

Section 7 prevents county school trustees in counties with populations
between 100,000 and 120,000 from detaching school lands from an independent school district without the prior approval of the trustees of the independent school district.   There is nothing unreasonable in this requirement.   It is, however, more restrictive than the general law applicable to all other counties of the state.   See Sec. 19.261(d), Texas Education Code, V.T.C.S.

However, we find it impossible to escape the conclusion that
Article 2676a is intended to apply specially and exclusively to Brazoria
County.   When first enacted by the Legislature in 1963 the population
classification was set at 75,000 to 80,000 persons.   According to the
1960 Federal Census, only Brazoria County qualified by population under
the statute.   By 1970 Brazoria County has a population of 108,312 persons.
Consequently, Brazoria County had moved out of the original classification
and other counties had moved into it.   In 1971 the Legislature amended
Sec. 1 of Article 2676a by changing the population classification to
include only counties with populations between 100,000 and 120,000 persons.
Even though the bracket is expanded, Brazoria County is again the only
county covered by the Article's special provisions.

The title of the amending act of 1971 leaves no doubt as to the reason for the change.  It provides:

> An Act amending laws pertaining to the affairs
> of counties, cities, and school districts in order
> to recognize the effect of the recent federal cen-
> sus; . . .  (Acts 1971, 62nd Leg., ch. 542, p. 1817,
> amending Article 2676a, V. T. C. S., in Sec. 71,
> p. 1833).

As we have said in previous Attorney General Opinions, Texas courts permit statutes to define the scope of their application by population classifications which are open-ended, that is, not con- fined absolutely to certain counties or cities.  However,  the distinction made between counties or cities within the population bracket and those outside of it must be based on a real and sub- stantial difference that is reasonably related to variations in population.  Attorney General Opinion H-8 (1973).  The theory is that even though the statute is limited in scope it will apply to any county or city moving into the population classification in the future, and will cease to apply to counties or cities moving out of the classifi- cation as changes in population are reflected in subsequent federal census reports.  This is the purpose and intent of statutory language referring to the "last preceding federal census."  Obviously, very little is left to the theory if, after each federal census, the Legislature adjusts a so-called open-ended  population classification to cancel out the effect of the new census on the scope of a particular statute.

In City of Fort Worth v. Bobbitt, 36 S. W. 2d 470 (Tex. 1931) a statute conferred special benefits upon all cities within a population classification according to the 1920 federal census.  The court held that the statute was a prohibited special law without discussing the necessity or reasonableness of the law since it found that Fort Worth was the only city to which it could ever apply.  Likewise, in Fritter v. West, 65 S. W. 2d 414 (Tex. Civ. App., San Antonio 1933, err. ref'd.) no consideration was given to the reasonableness of a statute abolishing a county-wide common school district since the statute expressly applied only to Kinney County.

The same conclusion must be reached under Section 56 of Article 3, when it is apparent, as it is here, that a nominally open-ended bracket

is actually intended to include only Brazoria County. By amending the population bracket of Article 2676a in 1971 so that it again applies only to Brazoria County, and excludes every other county, the Legislature indicates to us that the population classification is an arbitrary device that is merely used to give what is in substance a local or special law, the form of a general law. Bexar County v. Tyman, 97 S.W.2d 467 (Tex. 1936). In our opinion, the courts will hold Article 2676a, V.T.C.S., to be unconstitutional.

## S U M M A R Y

Article 2676a, V.T.C.S., is a special or local law pertaining to the affairs of one county, and is unconstitutional and void under Section 56 of Article 3 of the Texas Constitution.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee