FORD v. SIMMONS et al.    (No. 5384.)

(Court of Civil Appeals of Texas. San Antonio. Dec. 23, 1914.)

1. JUDGES (§ 25*)—SPECIAL JUDGES—ELECTION BY MEMBERS OF BAR—POWERS.

Under Rev. St. 1911, art. 1741, providing, relative to special judges elected by the practicing lawyers present at a term of court, in the absence of the county judge, that such special county judge shall have all the power and authority of the county judge while in the trial and disposition of all the cases pending in such court during the absence of the county judge, such a special county judge may try all cases in which he is not disqualified, even though the county judge would be disqualified.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 99–106; Dec. Dig. § 25.*]

2. JUDGES (§ 25*) — SPECIAL JUDGES — ELECTION BY MEMBERS OF BAR—POWERS.

A special county judge elected by the members of the bar in the absence of the county judge had jurisdiction to try a case, though because of the disqualification of the county judge and the failure of the parties to agree upon a special judge at a previous term the Governor had appointed a special judge to try such case pursuant to Rev. St. 1911, art. 1738, where the special judge appointed by the Governor had not qualified.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 99–106; Dec. Dig. § 25.*]

Appeal from Cameron County Court; Ira Webster, Special Judge.

Action between J. Stanley Ford and G. N. Simmons and others. From a judgment against him, Ford appeals. Affirmed.

Harbert Davenport, of Brownsville, for appellant. Rich & Searle, Graham, Jones, West & Dancy, and J. C. George, all of Brownsville, for appellees.

MOURSUND, J. This case was tried before Hon. Ira Webster, who was duly elected special judge of the county court of Cameron county, on account of the absence of Hon. H. L. Yates, county judge of said Cameron county. A motion for new trial was filed by appellant in which it was contended that said Ira Webster was without jurisdiction to try the case because Judge Yates was disqualified to try the case and prior to the election of said Webster as special judge the disqualification of Judge Yates and the failure of parties to agree upon a special judge at the preceding term had been duly certified to the Governor, who had thereupon duly appointed Hon. F. W. Seabury as special judge to try this case. The commission from the Governor appointing said Seabury was attached to said motion, but had not theretofore been filed in the case. It appears from exhibits attached to a reply to said motion that said Hon. F. W. Seabury had never qualified as special judge, nor even received notice of his appointment. The docket entries failed to show that Judge Yates had noted his disqualification upon the docket. There was nothing upon the minutes at the time the case was tried or

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

among the papers indicating that a special judge might have been appointed to try the case. So far as disclosed by the record, none of the attorneys or parties had notice of the appointment made by the Governor except attorney for appellant.

Appellant relies for a reversal solely upon the proposition that fundamental error was committed in that Special Judge Webster was without jurisdiction to try the case.

Articles 1738, 1739, and 1741 (R. S. 1911), relating to the appointment by the Governor and election by the bar of special county judges, have all been recognized by our courts to be valid. Porter v. State, 48 Tex. Cr. R. 125, 86 S. W. 767; Dulaney v. Walsh, 90 Tex. 329, 38 S. W. 748.

[1, 2] Under article 1741 a special judge elected by the bar is given "all the power and authority of the county judge while in the trial and disposition of all the cases pending in said court." This means that he is given the power to try all cases in which he is not disqualified, and not that he is given the power to try all cases in which the county judge is not disqualified. Therefore, in this case, the special judge elected by the bar was authorized by law to try the case unless the fact that an appointment of a special judge had been made by the Governor prevented him from acquiring jurisdiction to try the case. The appointment alone could confer no jurisdiction upon the appointee to try the case, as he could decline to qualify or fail to qualify, and therefore when this case was reached by Special Judge Webster the appointed special judge had acquired no jurisdiction to try the case. Judge Webster therefore had jurisdiction to try the case. We express no opinion upon the question whether Judge Webster could have legally tried the case if Judge Seabury had qualified as special judge prior to the trial of the case.

The judgment is affirmed.