# OCTOBER, 1919

G. H. Dalton et al. v. S. H. Allen et al.

No. 2939.   Decided October 15, 1919.

(215 S. W., 439.)

1.—Commissioners Court—County Judge.

A lawful session of the Commissioners Court of a county may be held by a quorum of three commissioners though the county judge. be not present and presiding.   (P. 71.)

2.—Same—Constitution and Statutes.

Constitution, art. 5, sec. 18; Act of July 22, 1876, Laws, 15th Leg., p. 51; Rev. Stats., 1879, art. 1510;, Rev. Stats., 1911, arts. 2237, 2238, 2276; construed, and held that a quorum of the Commissioners Court for the transaction of its business was legally constituted by the presence of three commissioners without the county judge; or by the county judge and two commissioners.   (Pp. 71, 72.)

3.—Same—Case Overruled.

West v. Burke, 60 Texas, 51, overruled.   Racer v. State, 73 S. W., 968, approved.   (Pp. 72, 73.)

4.—Same—Stare Decisis.

The rule of *stare decisis* need not be held to sustain a former erroneous decision where no injurious or unjust consequences will result from overruling it.   (P. 73.)

5.—Commissioners Court—Compensation of County Judge.

An order of the Commissioners Court fixing the compensation of the county judge, made by three commissioners present, with the county judge present and presiding, but not taking part in the vote, was not invalid because of the interest of the county judge in the result.   (P. 72.)

Question certified from the Court of Civil Appeals for the Third District, in an appeal from the District Court of Mills County.

*F. P. Bowman* and *Wilkinson & McGaugh*, for appellants.—The salary of the *ex officio* county superintendent of public instruction of Mills County having been fixed by the. commissioners court of said county, at its November term, 1908, at $350 per annum, payable quarterly, which order was in full force and effect on February 19, 1914, the further order of said court attempting to increase said salary, passed on the last-mentioned date while said court was acting through only three of its commissioners and the county judge, who presided, was void and inoperative, and left said previous crder unaffected.   In other words, said last order being one in which the defendant, S. H. Allen, who was then county judge and *ex officio* county superintendent of public instruction, was directly and

pecuniarily interested, and being passed by said court when only three of its commissioners were present and acting, was a nullity—there being no legal quorum for the transaction of business. S. A. S. Ry. Co. v. Adams, 87 Texas, 125-132, 26 S. W., 1040-1043; Leary v. Interstate National Bank, 63 S. W., 149-151; Hill v. Rich Hill Coal Min. Co., 119 Mo., 9, 24 S. W., 223-229; Bank v. Collins, 7 Ala., (N. S.), 95; Butts v. Wood, 37 N. Y., 317; Ashley v. Kinnon, 2 N. Y. Supp., 574; Jones v. Morrison, 31 Minn., 148, 16 N. W., 854; Smith v. Immigration Ass'n, 78 Cal., 289, 20 Pac., 677, 12 Am. St. Rep., 53; Martin v. Santa Crusa, etc., Co. (Ari.), 36 Pac., 36-37; Curtin v. Salmon River, etc., Co., 130 Cal., 345, 62 Pac., 552, 80 Am. St. Rep., 132; Bassett v. Fairchild, 132 Cal., 637, 64 Pac., 1082; Paxton v. Heron, 41 Colo., 147, 92 Pac., 15, 124 Am. St. Rep., 123; Steele v. Gold Fissure Gold Mining Co., 42 Colo., 529, 95 Pac., 349, 126 Am. St. Rep., 177; McConnell v. Combination Min. & Mill. Co., 30 Mont., 239, 76 Pac., 194, 104 Am. St. Rep., 703; Burton v. Lithic Man'f'g Co. (Or.), 144 Pac., 1149; Hobbs v. Upington, (Ky.). 89 S. W., 128- 129; Grayson County v. Rogers, (Ky.), 122 S. W., 866-868; 21 Am. & Eng. Enc. of Law (2nd Ed.), page 871; 21 Am. & Eng. Enc. of Law (2nd Ed.), 590.

*White, Cartledge & Wilcox,* for appellees.—There being three County Commissioners and the County Judge present on February 19, 1914, when the order of the Commissioners Court of Mills County was passed fixing the compensation of the appellee, S. H. Allen, as *ex officio* Superintendent of the Public Schools of said County, and the vote of the County Judge being unnecessary to pass said order, and he having not voted upon said question, there was a legal quorum of the Commissioners Court present at said time, and the said order is not invalid for the lack of a legal quorum of the Commissioners Court at the time it was passed. Vernon's Sayles' Revised Statutes, article 2238; District Trustees v. Wimberly, 21 S. W., 49; Dallas County v. Lively, 106 Texas, 364.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Questions certified from the Court of Civil Appeals of the Third Supreme Judicial District of Texas, in an appeal from the District Court of Mills County.

. The certificate of the Honorable Court of Civil Appeals is as follows:

"To the Supreme Court of Texas:—

"G. H. Dalton, the County Judge of Mills County, and the other members of the Commissioners' Court of that county, brought this suit on behalf of the county to recover from S. H. Allen and the sureties on his official bond, money alleged to have been received by Allen while he was county judge of Mills county and appropriated

to his own use. The amount sued for was less than one thousand dollars, and the jurisdiction of the Court of Civil Appeals will be final.

."The defendants filed their answer, the particulars of which need not be set forth, as we deem it sufficient to state that the pleadings, the evidence and the assignments of error in this court sufficiently present the question hereafter certified. The trial court rendered judgment for the defendants and the plaintiffs have appealed.

"On November 14, 1908, the Commissioners Court of Mills County passed an order to the effect that L. E. Patterson, then County Judge of that county, should be allowed out of the general fund of said county the sum of $112.50, as compensation for *ex-j officio* services for the quarter beginning November 1, 1908, and for each succeeding quarter thereafter, until otherwise ordered by that court. And it was further ordered that he be allowed the sum of $87.50 out of the available school fund of Mills County, as *ex-officio* county superintendent of public instruction, for the same period of time and until further ordered by the court. The defendant Allen was elected County Judge of Mills County in November, 1910, re-elected in 1912 and served two terms. No other order was entered upon the minutes of the Commissioners Court fixing the compensation of the County Judge, but the defendant Allen collected from the county more than he was entitled to under the order above referred to, and whether or not he was entitled to such excess depends upon the validity of an order which he proved was made by the Commissioners Court in the early part of 1914, but which order was not reduced to writing nor placed upon the minutes of the Commissioners Court. He submitted testimony sufficient to show that at the February term of the Commissioners' Court, while one of the commissioners was absent, and while he was presiding, a verbal motion was made and adopted materially increasing his compensation. If that order was not valid, the county is entitled to recover substantially the amount sued for. If that order is valid, the county is not entitled to recover, at least for the increased salary that was allowed him from that date. As before stated, one of the commissioners was absent and Judge Allen was present and presided at the time the verbal order was made increasing his compensation. Appellants contend that, in as much as Judge Allen was present and presided over the Commissioners' Court at the time the order referred to was passed, that order is null and void. In view of that contention, we have concluded to certify to your Court for decision the following material questions:

"1. It is provided in the latter part of section 18 of article 5. of the Constitution of this State that the commissioners 'with the County Judge as presiding officer,' shall compose the Commissioners' Court, etc. In view of that constitutional provision, can there be a legal meeting or session of the Commissioners Court unless

the county judge is present and presiding? This question is material because the law requires the Commissioners Court to fix the *ex officio* compensation of the County Judge; and if that body cannot legally transact any. business unless the County Judge is presiding, then it follows that the order attacked by appellants in this case was not subject to the objection urged against it.

"2. If the Supreme Court holds that the constitutional provision referred to did not require Judge Allen to preside over the Commissioners Court when the order was made increasing his salary, then did the fact that he so presided render the order referred to invalid, there being no proof that he voted for such increase?"

We answer "yes" to Question 1.

After providing for the division of each county into precincts, in which justices of the peace and constables shall be elected, section 18, of article 5 of the Constitution, provided: "Each county shall in like manner be divided into four commissioners precincts, in each of which there shall be elected by the qualified voters thereof one county commissioner, who shall hold his office for two years and until his successor shall be elected and qualified. The county commissioners so chosen, with the county judge, as presiding officer, shall compose the county Commissioners Court, which shall exercise such powers and jurisdiction over all county business as is conferred by this Constitution and the laws of this State, or as may be thereafter prescribed."

By an act of the Legislature, approved July 22, 1876, it was provided that the County Judge shall be the presiding officer of the Commissioners Court; and that "any three members of the Commissioners Court, including the County Judge, shall constitute a quorum, provided, however, that no county tax shall be levied unless at one of the regular terms and when a full court is present." By the same act, it was provided that the record of the proceedings of each term of the Commissioners Court shall be "read over and signed by the County Judge, or the member of the court presiding, at the end of each term and attested by the clerk." Since the revision of 1879, the statute relating to the County Judge presiding over the Commissioners Court has read: "the County Judge, *when present,* shall be the presiding officer of said court." Act July 22, 1876, 8 Gammel's Laws of Texas, pp. 887-889; Art. 1510, R. S. 1879, Arts. 2237, 2238, 2276, Vernon's Sayles' Texas Civil Statutes.

It thus appears that since a short time after the adoption of the Constitution it has been construed by the Legislature as not requiring the County Judge to be present and presiding in order for the Commissioners Court to transact its business. Taking into consideration that the Constitution left almost entirely to the Legislature the determination of even what jurisdiction and powers, over county business, should be exercised by the Commissioners Court,

and taking into consideration the result of making the county judge's presence indespensable to the validity of any of the proceedings of the court, we are of the opinion that the statutes requiring merely that the County Judge preside when present, and authorizing the transaction of the county's business, save when otherwise expressly provided, by three members of the court, were within the scope of the authority of the Legislature and conform to the true intent and purpose of the Constitution.

In establishing courts of civil appeals, the Constitution, as amended, declared that each court should consist of a chief justice and two associate justices and made no provision that any number less than the whole should constitute a quorum. The Legislature, however, enacted a statute providing that a majority of each court of civil appeals should constitute a quorum to transact business. Because of the mischief which would be done by the rule that all of the judges must be present for the transaction of the court's business, and because the statute could not be said to be clearly in violation of the Constitution, this court upheld the statute. City of Austin v. Nalle, 85 Texas, 535-537.

To question 2, we answer "no:" because, as we construe article 2238 of the Revised Statutes, a quorum for the transaction of such business of the Commissioners Court as that referred to in the certificate of the Court of Civil Appeals is constituted by any three commissioners or by the County Judge and any two commissioners, and hence the order under attack was duly passed at a meeting of the court, with a quorum present, regardless of the participation of the county judge.

The approved decision of the Commission of Appeals in the case of West v. Burke, 60 Texas, 51, in so far as it determines that three commissioners cannot constitute a court, within the meaning of the statute, is overruled.

It is obvious that if the words "including the county judge" were out of article 2238, no one would deny the legislative intent that three commissioners should constitute a quorum. And, it seems to us that the quoted words plainly mean either that the County Judge must be one of the three members requisite to make a quorum or that the County Judge is to be counted as one of the three members of the court, who are sufficent to ordinarily make a quorum. Other provisions leave no room for doubt that the Legislature contemplated the transaction of some business by the Commissioners Court, in the absence of the County Judge, as is expressly recognized in the opinion in West v. Burke. We therefore feel obliged to reject such interpretation of the words "including the County Judge" as would render the presence of the judge always indispensable. Rejecting that interpretation of these words, we feel compelled to construe them as having no other effect than to expressly affirm that the County Judge may be counted as one of the three mem-

bers to constitute a quorum for the transaction of the court's ordinary business.

It is to be noted that the decision in West v. Burke has not been followed in any later opinion of this court, and, subsequent to its rendition, the Court of Criminal Appeals construed the statute as requiring no more than the presence of any three members to constitute a quorum for ordinary business. Racer v. State, 73 S. W., 968. The Legislature therefore carried the statute, without change, into the revision of 1911, with the conflicting interpretations placed upon it in West v. Burke and Racer v. State.

No injurious nor unjust consequences will result from our failure to follow the decision in West v. Burke, and, the conditions do not exist, in our judgment, entitling it to be upheld under the rule of *stare decisis.*