

# The Attorney General of Texas

March 9, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable James W. Smith, Jr.
County Attorney for Frio County
P. O. Box V
Pearsall, Texas 78061

Opinion No. H-1132

Re: Appointment of a special county judge.

Dear Mr. Smith:

You ask several questions about the appointment of a special county judge, when the regular county judge is disabled for an extended or indefinite period of time. You note that the commissioners court has authority under article 30.03, section 2 of the Code of Criminal Procedure to appoint a special county judge to hear cases, and ask whether he must be reappointed for each case. Article 30.03 provides in part:

> Section 1. When the judge of the county court or county court at law, or of any county criminal court, is disqualified in any criminal case pending in the court of which he is judge, the parties may by consent agree upon a special judge to try such case. . . .
>
> Sec. 2. In the event a county judge or the regular judge of a county court at law created in a county is absent, or is for any cause disabled from presiding, a special judge, who is an attorney, may be appointed by the commissioners court of the county.
>
> Sec. 3. The special judge so appointed must possess those qualifications required of the regular judge of the court and, when appointed shall serve for the period of time designated by the order of appointment but in no event beyond that period of time the regular judge is absent or disabled.

When a special judge is appointed pursuant to section 2, he serves for the period stated in section 3. Section 3 does not limit the term of appointment to a single case, and may be contrasted with section 1, which provides for a special judge in any case where the regular judge is

disqualified.  See also Attorney General Opinions H-1006 (1977); V-615 (1948).  The special judge appointed by the commissioners court pursuant to section 2 of article 30.03 substitutes for the regular judge in all his judicial duties, and is not limited to criminal cases.  Cf. Ex parte Thomas, 322 S.W.2d 532 (Tex. Crim. App. 1959) (special judge elected pursuant to civil statutes authorized to try criminal case).

You ask whether the special judge appointed pursuant to article 30.03, section 2, also serves as presiding officer of the commissioners court.  Article 2342 provides that the county judge, when present, shall be the presiding officer of the court.  Prior opinions of this office have determined that a person appointed as special county judge pursuant to article 30.03 and similar statutes has only judicial functions and does not act as a member of the commissioners court.  Compare V.T.C.S. art.  2341; see Attorney General Opinion O-5374 (1943).  Therefore, the commissioners court will have to meet without the county judge or a substitute for him during his disability.  Any three commissioners constitute a quorum for the transaction of all business except levying a county tax.  V.T.C.S. art. 2343(a); Dalton v. Allen, 215 S.W. 439 (Tex. 1919).  If any member of the court is incapacitated, the other four members constitute a quorum for levying the tax if the incapacity is certified as provided in article 2343.

You next ask how article 30.03, section 2 of the Code of Criminal Procedure is to be reconciled with article 1933a, V.T.C.S.  Article 1933a applies only in counties with no statutory county court at law or statutory probate court, in which all duties of the county court devolve upon the county judge.  Id. § 1.  Article 1933a provides in part:

> The county judge may at any time appoint a special county judge, with respect to any pending matter, whether of civil or criminal nature, in accordance with the provisions following:

> (c)   If the county judge finds that good cause exists therefor, he shall appoint a special county judge, at his discretion, except:  (1) the person so appointed must be a duly licensed attorney at law . . . .

Id. § 2.  A special judge may be appointed under this provision even though the regular judge is not disqualified, absent, or otherwise disabled.  The purpose of article 1933a is stated in its emergency clause:

> Sec. 3.   The purpose of this Act is to improve the administration of justice in county courts, in view of the problems inherent in the crowded condition of the dockets of constitutional county courts, in the numerous and diverse nature of other nonjudicial duties devolving upon county

judges, and in the fact county judges are not required to be licensed attorneys although confronted by questions of increasing legal complexity.

Acts 1975, 64th Leg., ch. 475, at 1252.  See West Orange-Cove Consolidated Independent School Dist. v. County Board of School Trustees of Orange County, 430 S.W.2d 65 (Tex. Civ. App.— Beaumont 1968, writ ref'd n.r.e.).  Thus article 1933a permits the appointment of a special judge for a single pending case, when the county judge deems it necessary due to the condition of the docket, the legal complexity of the case, or other reason. It thus applies only when the regular judge makes an appointment under it.  Article 1933a and article 30.03b provide optional solutions to different problems.  They are not in conflict but cumulative of one another.

You next ask who presides over a probate matter when the county judge is disabled or unwilling to act in it.  When a county judge is disqualified in a probate matter, a special judge is appointed as provided in article 1932, V.T.C.S.  When he is disabled, the special judge appointed pursuant to article 30.03, section 2 of the Code of Criminal Procedure handles all judicial work, including probate matters, arising during the period of time designated by the order of appointment.  Code Crim. Proc. art. 30.03, § 3.  Where the county judge is unwilling to serve, he may appoint a special judge pursuant to article 1933a, provided all requirements of that statute are met.  In counties with no statutory probate court, county court at law, or other statutory court exercising probate jurisdiction, the judge of the county court may on his own motion transfer contested probate matters to the district court and is required to do so on the motion of either party.  Prob. Code § 5.

You finally ask whether article 1934, V.T.C.S., conflicts with article 30.03, section 2, of the Code of Criminal Procedure.  Article 1934 permits the election of a special judge by the practicing lawyers of the court, see V.T.C.S. art. 1887, when the county judge fails to appear at the time appointed for court, is absent, or unable or unwilling to hold court.  Article 1934 thus overlaps with article 30.03, section 2, of the Code of Criminal Procedure.  However, we do not believe the statutes are in conflict.  Each provides a permissive, not mandatory procedure for selecting a substitute judge.  They can be regarded as alternate methods of replacing an absent or disabled county judge.  If the commissioners court does not exercise its authority to appoint a judge, the lawyers of the court may elect one. Cf. Ford v. Simmons, 171 S.W. 1077 (Tex. Civ. App. — San Antonio 1914, no writ) (two judges appointed to replace one county judge).

## S U M M A R Y

A special county judge appointed pursuant to article 30.03, section 2 of the Code of Criminal Procedure need not be reappointed for each case. The special county judge does not serve on or preside over the commissioners court.

Article 1933a, V.T.C.S., authorizes the county judge in certain counties to appoint a special judge to handle a single pending case. The judge appointed pursuant to article 30.03, section 2 of the Code of Criminal Procedure may handle probate matters. A county judge who is unwilling to act in a probate matter may appoint a special judge pursuant to article 1933a, V.T.C.S., or transfer it to the district court pursuant to section 5 of the Probate Code, provided the requirements of the relevant statute are satisfied. Article 1934, V.T.C.S., and article 30.03, section 2 of the Code of Criminal Procedure are not in conflict. Each provides a permissible procedure for temporarily replacing an absent or disabled county judge.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst