

# THE ATTORNEY GENERAL
## OF TEXAS

April 15, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable David Brabham
Criminal District Attorney
P. O. Box 3403
Longview, Texas    75606

Opinion No.   JM-894

Re:   The constitutionality of
the Gregg County Special Road
Law, and related questions
(RQ-1138)

Dear Mr. Brabham:

You have asked whether the special road law for Gregg County is constitutional, and if it is, whether the 1983 County Road and Bridge Act, article 6702-1, V.T.C.S., superseded it.

The special law was enacted in 1955.  See Acts 1955, 54th Leg., ch. 339, at 886.  Because it applies only to Gregg County, it is a "local law" within the meaning of the Texas Constitution.  Tex. Const. art. III, §56; City of Fort Worth v. Bobbitt, 36 S.W.2d 470 (Tex. Comm'n App. 1931, opinion adopted).  See Attorney General Opinion JM-390 (1985).

Article III, section 56, of the Texas Constitution inhibits the legislature from passing any local or special law regulating the affairs of counties, authorizing the laying out, opening, altering, or maintaining of roads, highways, streets or alleys, or creating offices or prescribing the powers and duties of officers in counties, except upon compliance with the notice provisions of article III, section 57, of the constitution.  There is no record found of the required notice respecting the Gregg County Road Law having ever been published.  If no notice was given, the special law is unconstitutional unless it is saved by article VIII, section 9, of the constitution. Bexar County v. Tynan, 97 S.W.2d 467 (Tex. 1936).[1]

---

1.   Two courts have asserted in dicta that by the passage of a special law, the legislature is conclusively
(Footnote Continued)

512/463-2100     SUPREME COURT BUILDING     AUSTIN, TEXAS 78711-2548

In 1890, the constitution was amended to provide in article VIII, section 9:

> And the Legislature may pass local laws for the maintenance of public roads and highways, without the local notice required for special or local laws.

The provision operates as an exception to the article III, section 56 prohibition, but as a narrow one. See Henderson County v. Allred, 40 S.W.2d 17 (Tex. 1931). The breadth of the exception was explained in Hill v. Sterrett, 252 S.W.2d 766, 771 (Tex. Civ. App. - Dallas 1952, writ ref'd n.r.e.):

> [V]alidity of [such] legislation is invariably dependent upon relationship of the particular section to road maintenance. 'The authority conferred by section 9, art. 8, of the Constitution, supra, is not "to enact special road laws" of all kinds, for all purposes indiscriminately, but is authority merely to pass local laws for the maintenance of the public roads and highways.' Austin Bros. v. Patton, Tex. Com. App., 288 S.W. 182, 187. A local road law, to come within the protection of Art. 8, sec. 9, must be limited to the maintenance of public roads and highways. Jameson v. Smith, Tex. Civ. App., 161 S.W.2d 520; Tinner v. Crow, [78 S.W.2d 588 (Tex. 1935)].

---

(Footnote Continued)

presumed to have found as a jurisdictional fact that proper notice has been theretofore given. See Moore v. Edna Hospital District, 449 S.W. 2d 508 (Tex. Civ. App. - Corpus Christi 1979, writ ref'd n.r.e.); Moller v. City of Galveston, 57 S.W. 1116 (Tex. Civ. App. - Galveston 1900, no writ). But in both cases the issue at hand was not an entire absence of notice, but, rather, whether the notice admittedly given was sufficient. In Cravens v. State, 122 S.W. 29 (Tex. Crim. App. 1909), the court said such a conclusion was proper "in the absence of proof to the contrary." Where the proof shows that no notice was given, a special or local law not otherwise permitted by the constitution will be held unconstitutional. Bexar County v. Tynan, supra.

The Hill v. Sterrett court was reviewing section 4 of a 1941 Dallas County Road Law that corresponds word-for-word to section 3 of the 1955 Gregg County law. Several sections of the Gregg County law (hereinafter set out) find duplicates in the Dallas County law. Among them are sections 1 and 2, which correspond to sections 1 and 3 of the 1941 Dallas County law. The Hill v. Sterrett court did not invalidate the portion of the law at issue there -- a provision empowering the commissioners court to appoint a county engineer, which the court considered germane to road maintenance.

The court in Hill v. Sterrett reviewed general propositions of law applicable to the construction of special road laws, but declined to discuss the legality of other subdivisions of the Dallas County law. It said its observations would be dicta, inasmuch as only a portion of section 4 of that act was there in issue. It noted, however, that Attorney General Opinion V-1315 (1951) had pronounced section 3 of that law (corresponding to section 2 of the Gregg County law), as well as others, unconstitutional. In Attorney General Opinion V-1315, it was said of the Dallas County special act:

> Section 3 [corresponding to section 2 in the Gregg County statute] requires the County Judge to appoint standing committees composed of two or more county commissioners for supervising the various departments of the county's affairs. Like section 2 [requiring Dallas County commissioners to devote all their time to county duties and to attend court sessions, and fixing their compensation], this section embraces matters outside the scope of a road law and is in violation of section 56 of Article III. . . .

Likewise, the corresponding section of the Gregg County law (section 2) is not saved from unconstitutionality by article VIII, section 9. It embraces matters outside the scope of maintaining roads. It attempts to prescribe the powers and duties of county officers and to regulate county affairs.

The provisions of the Gregg County law are lengthy, but excerpts from sections 1, 2 and 3 thereof are reproduced here to supply an understanding of the passages under review:

Section 1. The Commissioners Court of Gregg County, Texas, shall have full power and authority, and it shall be its duty to adopt, at a meeting of said Court, <u>at which the County Judge and at least three (3) of the County Commissioners of said County shall be present</u> and cause to be recorded in the minutes of said Court, and put into effect such rules, regulations, plans, and system for the maintenance, laying out, opening, widening, draining, grading, constructing, building, and repairing of the public roads of said County other than designated State highways located therein . . . which rules, regulations, plans, and system, together with any changes thereafter made in same, shall be binding upon, observed, and obeyed by the County Commissioners, County Judge, County Engineer, and all employees of Gregg County, Texas.

Sec. 2. Subject to the provisions of this Act and all laws relating to the subject matter, <u>the County Judge of Gregg County shall have the power and he is hereby required to appoint committees of two (2) or more composed of Commissioners who shall have under their immediate supervision the various departments of the County's affairs under the general direction of the Court as a whole</u>. . . . Said committees shall have, and are hereby given, subject to the provisions of this Act, such power and authority as is specifically delegated to them by a resolution duly passed by the Commissioners Court <u>by the affirmative vote of the County Judge and two (2) Commissioners</u>, and it is made their duty to perform all acts so delegated to them; provided, however, that they shall not have authority or power to make purchases or bind the County on any contract or pecuniary obligation, but in all such matters shall submit to the Court as a whole their recommendations with reference thereto, and said Court shall pass upon all such matters, subject to the provisions of this Act and other laws relating thereto. <u>The County Judge is hereby given authority to change</u>

> the personnel of such committees at his pleasure.
>
> Sec. 3. The Commissioners Court of Gregg County may, and it is hereby empowered to employ a County Engineer.
>
> . . . .
>
> Said County Engineer shall supervise the engineering work in connection with all maintenance, repair, drainage, and construction work on all county roads in said County whether the same be in relation to the present roads or any roads to be opened, laid out, and constructed; provided, however, said Engineer in the performance of these duties shall be under the general supervision of the 'standing Committee' appointed by the County Judge, and all repairs, widening, permanent construction, new construction, and bridge construction shall be done only after the Commissioners Court has authorized same.
>
> . . . .
>
> The County Engineer shall perform any and all other duties as may be prescribed from time to time by the Commissioners Court and he shall at all times be under the supervision and control of said Court. (Emphasis added.)

Acts 1955, 54th Leg., ch. 339, at 886-88.

Although Attorney General Opinion V-1315 came to a different conclusion regarding the provisions of the first section of the Dallas County special act (repeated in the first section of the Gregg County statute), we conclude that the first section of the Gregg County law is also unconstitutional because it attempts to specify which members of the commissioners court will constitute a quorum -- thus regulating county affairs. It purports to permit the commissioners court to adopt rules, regulations, plans and systems only at a meeting "at which the County Judge and at least three (3) of the county commissioners of said county shall be present." Cf. Tex. Const. art. V, §18 (commissioners court).

Since 1876, the general laws of this state have specified that group of persons which constitutes a quorum of the commissioners court, enabling it to conduct business. See Acts 1876, 15th Leg., ch. 55, §12, at 51, 52. Discussing the subject, the Texas Supreme Court said in Dalton v. Allen, 215 S.W. 439, 440 (Tex. 1919):

> It thus appears that, since a short time after the adoption of the Constitution, it has been construed by the Legislature as not requiring the county judge to be present and presiding in order for the commissioners' court to transact its business.

The Dalton v. Allen court held that statutes requiring merely that the county judge preside when present, and authorizing the transaction of the county's business (except as there otherwise provided) by three members of the commissioners court, were constitutional and conformed "to the true intent and purpose of the Constitution." 215 S.W. at 440. Those statutes have come down to us as articles 2342 and 2343, V.T.C.S., which, in 1987, were incorporated into the Local Government Code as sections 81.001 and 81.006.

There is no general statute that requires a different quorum for the adoption of rules, regulations, plans and systems relating to roads, nor, so far as we can determine, did such a general law exist at the time the Gregg County special law was enacted. By altering the authority conferred upon county commissioners to transact county business in the absence of the county judge, the special law attempts to prescribe the powers and duties of county officers and to regulate county affairs; these matters are outside the scope of article VIII, section 9, of the constitution and in violation of article III, section 56 thereof. Commissioners Court of Limestone County v. Garrett, 238 S.W. 894 (Tex. Comm'n App. 1922, judgm't adopted). See Altgelt v. Gutzeit, 201 S.W. 400 (Tex. 1918).

We conclude that sections 1 and 2 of the Gregg County special road law are unconstitutional in the respects discussed, but if a complete and workable law comporting with the intent of the legislature remains after excising the unconstitutional portions of a statute, the courts will give the remaining portions effect. See Commissioners Court of Limestone County v. Garrett, supra. Section 8 of the Gregg County special road law states:

> If any section, subdivision, paragraph, sentence, clause, or word of this Act be held to be unconstitutional, the remaining portions of same shall, nevertheless, be valid, and it is declared that such remaining portions would have been included in this Act though the unconstitutional portions had been omitted.

Acts 1955, 54th Leg., ch. 339, §8, at 889.

We believe the unconstitutionality of portions of sections 1 and 2 of the Gregg County law do not require a declaration that the statute is unconstitutional in toto. The legislative intent is made clear by section 8 of the statute. See Attorney General Opinion JM-390 (1985). Cf. Attorney General Opinion V-1315 (1951). A valid law remains.[2] Therefore, we turn to the other part of your inquiry: Has the Gregg County law been superseded by the County Road and Bridge Act of 1983?

At the time the Gregg County special law was enacted in 1955, the Optional County Road Law of 1947 was applicable to Gregg County and to every other county in the state. See Acts 1947, 50th Leg., ch. 178, at 288. It provided that the electorate of the county might adopt its provisions for the county, which thereafter would be under the "county unit" system of roads under the direction of the county commissioners court and a county road engineer appointed by that body. See Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). But Gregg County, together with Dallas County and some others, was expressly "exempted" by former article 6761, V.T.C.S., from the provisions of then articles 6743-6760, V.T.C.S., setting up a system of county "road superintendents." The provisions of the 1947 optional road law are now contained in subchapter C of

---

2. The provision in section 3 authorizing the commissioners court to lease idle equipment to certain entities without apparent limit should be construed, in our opinion, with the earlier provision in section 3 authorizing the provision at cost of the necessary machinery and equipment for purposes "that will conserve the soil." So read, the authority is consistent with power conferred by general law. Agric. Code §201.151. Cf. Rowan v. Pickett, 237 S.W.2d 734 (Tex. Civ. App. - San Antonio 1951, no writ).

article 6702-1, V.T.C.S.  The former provisions setting up the "road superintendent" system are now found in subchapter B of the latter statute, and "exemptions" therefrom are now contained in section 3.107 of article 6702-1.

Article 6702-1, section 3.107, lists fifty-five counties, including Gregg County, as "exempt from this subchapter," i.e., subchapter B, which sets up a system of road commissioners or road superintendents.  The concluding sentence of the section reads:

> However, the commissioners courts of Dallas and Collin counties may accept and adopt this subchapter instead of the special acts for Dallas or Collin county, if in its judgment, the provisions of this subchapter are better suited to Dallas or Collin county than the special laws.

This section, and especially the quoted passage, is a clear indication that the legislature did not intend by the enactment of article 6702-1 to repeal or supersede special road laws such as the one for Gregg County, but intended them to control unless express authority was given to adopt the general law instead.

None of the special county acts were expressly repealed either by the 1983 act that originally enacted article 6702-1 or by the 1984 legislation that revised and reenacted it and ratified its repealer provisions.  See Acts 1983, 68th Leg., ch. 288, at 1431; Acts 1984, 68th Leg., 2nd C.S., ch. 8, at 44.

Section 7 of the Gregg County special law reads:

> The provisions of this Act are and shall be held and construed to be cumulative of all General Laws of this State on the subject treated of and embraced in this Act when not in conflict herewith, but in case of such conflict, in whole or in part, this Act shall control Gregg County; provided, however, that nothing in this Act shall be construed to impair or to take from the County the right to issue bonds, under the provisions of Section 52 of Article 3 of the State Constitution and the General Laws in pursuance thereof.

Acts 1955, 54th Leg., ch. 339, §7, at 889. To the extent that the Gregg County law is constitutional, it controls inconsistent provisions that may be found in article 6702-1, V.T.C.S. (as they respect Gregg County). See Hill County v. Bryant & Huffman, 16 S.W.2d 513 (Tex. 1929); Dallas County v. Plowman, 91 S.W. 221 (Tex. 1906). Cf. Attorney General Opinion JM-262 (1984).

We advise that the valid portions of the 1955 Gregg County special road law have not been superseded by the County Road and Bridge Act of 1983.

## S U M M A R Y

If the notice required by article III, section 57 of the Texas Constitution was not given, portions of the 1955 special road law for Gregg County are unconstitutional. But its remaining portions constitute a complete and workable law that has not been superseded by the County Road and Bridge Act of 1983.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Bruce Youngblood
Assistant Attorney General